UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATASHA ANN SENTER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | NO. C12-343-JCC-JPD<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Natasha Ann Senter appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and remanded for further proceedings.

I.   FACTS AND PROCEDURAL HISTORY

At the time of her administrative hearing, plaintiff was a 29 year-old woman with an 11th grade education. Administrative Record ("AR") at 34, 36. Her past work experience includes employment as a motel cleaner. AR at 38  Plaintiff was last gainfully employed in 2008. AR at 14.

REPORT AND RECOMMENDATION - 1

On October 29, 2008, plaintiff filed a claim for SSI payments, alleging an onset date of October 1, 2005. AR at 12. Plaintiff asserts that she is disabled due to chronic obstructive pulmonary disease (COPD), lumbar degenerative disc disease, with partial sacralization at L5, and left shoulder tendonitis. AR at 14.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 12. Plaintiff requested a hearing which took place on December 7, 2010. AR at 27-75. On January 20, 2011, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his/her finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 12-22. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 4.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*,

53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).  The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

### IV.     EVALUATING DISABILITY

As the claimant, Ms. Senter bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the

REPORT AND RECOMMENDATION - 3

national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.   DECISION BELOW

On January 20, 2011, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since October 29, 2008, the application date.

2. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD), lumbar degenerative disc disease, with partial sacralization at L5, and left shoulder tendonitis.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). She is limited to frequent overheard reaching with the left upper extremity.

5. The claimant has no past relevant work.

6. The claimant was born on XXXXX, 1981 and was 26 years old, which is defined as a younger individual age 18-49, on the date the application was filed.[2]

7. The claimant has a limited education and is able to communicate in English.

---

[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 5

8.  Transferability of job skills is not an issue because the claimant does not have past relevant work.

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 29, 2008, the date the application was filed.

AR at 14-22.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1.  Whether the ALJ erred when she failed to include any limitations related to Plaintiff's chronic obstructive pulmonary disease (COPD) in the Residual Functional Capacity (RFC) assessment, after she found the COPD to be a "severe" impairment at step 2?

2.  Whether the ALJ erred when she failed to provide any reasons for disregarding the treating physician's opinion that Plaintiff is limited to sedentary work?

3.  Whether the ALJ erred when she applied an inappropriate legal standard in her credibility assessment, and required Plaintiff to provide objective medical evidence that each individual impairment was "disabling" before the Plaintiff's testimony could be credited?

Dkt. No. 15 at 1.

## VII. DISCUSSION

A.  <u>The ALJ Erred by Failing to Include Limitations Relating to Plaintiff's COPD in the RFC Assessment</u>

At Step 2, the ALJ determined that one of plaintiff's severe impairments was chronic obstructive pulmonary disease ("COPD"), yet the parties agree that there is nothing in the ALJ's RFC to account for this severe impairment. The Commissioner suggests that this Court should discount this as a mere "scrivener's error" by the ALJ. Dkt. 18 at 1. If the Court were to engage in speculation, which it will not, it is just as likely that the ALJ overlooked the fact that she found COPD to be a severe impairment. Both scenarios lack any basis, and require the

REPORT AND RECOMMENDATION - 6

ALJ to reevaluate plaintiff's severe impairments and reassess her RFC in light of the severe impairments found.

The finding of a severe impairment of COPD at Step 2 also requires the ALJ to consider at least two additional issues on remand. First, on remand, the ALJ must reassess whether the plaintiff should be limited to an environment to avoid concentrated exposure of fumes, odors, dust and gases as found by Dr. Hoskins. The reasons given by the ALJ for ignoring that limitation were that the plaintiff continues to smoke "herbal" cigarettes and that her asthma symptoms are allegedly under control. The initial reason fails to deal with potential COPD issues regarding odors, gases, perfumes or dust. The second reason fails to deal with the time period of October 2008-September 2010. Second, Dr. Hoskins and the State Agency RFC also raised limitations regarding the plaintiff's ability to climb stairs and ramps, all of which relate to COPD.

On remand, the ALJ is directed to review the medical evidence regarding plaintiff's severe impairment of COPD, reassess the plaintiff's RFC, and ask a hypothetical of the Vocational Expert that takes into account all of plaintiff's impairments.

B.     The ALJ's Credibility Assessment Should Be Reevaluated in Light of the COPD Finding on Remand

The ALJ found plaintiff to be less than credible because the claims of symptoms and disability (1) were not supported by the objective medical evidence; (2) were inconsistent with the objective medical evidence; (3) were managed by only conservative treatment; (4) were not consistent with plaintiff's daily activities; and (5) were belied by plaintiff's poor work record that preceded the alleged onset date, suggesting poor motivation to work rather than disability. AR at 18-20.

REPORT AND RECOMMENDATION - 7

1    As noted above, credibility determinations are within the province of the ALJ's
2    responsibilities, and will not be disturbed, unless they are not supported by substantial
3    evidence. A determination of whether to accept a claimant's subjective symptom testimony
4    requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281; SSR
5    96-7p. First, the ALJ must determine whether there is a medically determinable impairment
6    that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R.
7    §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p. Once a claimant
8    produces medical evidence of an underlying impairment, the ALJ may not discredit the
9    claimant's testimony as to the severity of symptoms solely because they are unsupported by
10   objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc);
11   *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing
12   that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for
13   rejecting the claimant's testimony. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

14   When evaluating a claimant's credibility, the ALJ must specifically identify what
15   testimony is not credible and what evidence undermines the claimant's complaints; general
16   findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may
17   consider "ordinary techniques of credibility evaluation" including a reputation for truthfulness,
18   inconsistencies in testimony or between testimony and conduct, daily activities, work record,
19   and testimony from physicians and third parties concerning the nature, severity, and effect of
20   the symptoms of which he complains. *Smolen*, 80 F.3d at 1284; *see also Light v. Social Sec.*
21   *Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

22   All of the reasons given by the ALJ to discount plaintiff's credibility, with the possible
23   exception of the impact of the COPD, are supported by substantial evidence in the record.
24   Because this case is being remanded for further evaluation in light of the severe COPD

impairment the ALJ should revisit the credibility determination and reassess whether plaintiff's claims are supported by the objective medical evidence and whether they are consistent with the objective medical evidence. If, after reevaluation of the COPD evidence, the plaintiff's claims are supported by and/or consistent with the objective medical evidence, then the ALJ should reevaluate plaintiff's credibility on the record as a whole.

C. <u>The ALJ Should Evaluate the Opinion Limiting Plaintiff to Sedentary Work</u>

Initially, plaintiff claimed that plaintiff's treating physician, Dr. Grymaloski opined that plaintiff was limited to "sedentary work that does not involve excessive standing or heavy lifting." AR at 346. Dkt. 15 at 11. As the Commissioner notes, this statement is not properly attributed to Dr. Grymaloski, but to "other medical sources" working with Dr. Dr. Grymaloski, namely Ms. Mann, MA and Ms. Elliot. Dkt. 15 at 15-16. Plaintiff acknowledges the error, but still asserts it should have been addressed. Dkt. 17 at 10.

In order to determine whether a claimant is disabled, an ALJ may consider lay-witness sources, such as testimony by nurse practitioners, physicians' assistants, and counselors, as well as "non-medical" sources, such as spouses, parents, siblings, and friends. *See* 20 C.F.R. § 404.1513(d). Such testimony regarding a claimant's symptoms or how an impairment affects his ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). This is particularly true for such non-acceptable medical sources as nurses and medical assistants. *See* Social Security Ruling ("SSR") 06-03p (noting that because such persons "have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists," their opinions "should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."). If an ALJ chooses to

discount testimony of a lay witness, he must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony. *Dodrill,* 12 F.3d at 919.

Because this matter is being remanded, the ALJ should address the comments of Ms. Mann and Ms. Elliot that plaintiff avoid "prolonged standing. Able to perform sedentary work that does not involve excessive standing or heavy lifting." AR at 346.

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

DATED this 18th day of September, 2012.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge