UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATASHA ANN SENTER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security, [1]<br><br>Defendant. | Case No. C12-343-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on the plaintiff's January 28, 2013 Motion for Equal Access to Justice Act ("EAJA") Fees, including attorney's fees, expenses, and costs under 28 U.S.C. § 2412 and 28 U.S.C. § 1920.  Dkt. 21.  The undersigned, having reviewed the governing law and the parties' submissions, recommends that the plaintiff's Motion for EAJA Fees, Dkt. 21, be GRANTED.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this suit.  **The Clerk of Court is directed to update the docket accordingly, and the parties are ordered to update the caption on all future filings with the Court.**

REPORT AND RECOMMENDATION
PAGE - 1

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff filed a claim for Supplemental Security Income ("SSI) pursuant to Title XVI of the Social Security Act, 42 U.S.C § 1381-83f, in October 2008, alleging disability beginning on October 1, 2005. AR at 12. The Commissioner denied plaintiff's claim initially and on reconsideration. *Id*. Plaintiff requested a hearing which took place on December 7, 2010. AR at 27–75. On January 20, 2011, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on her finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 12–22. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1–4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff timely appealed that final decision on March 6, 2012. Dkt. 4.

On September 18, 2012, the undersigned issued a Report and Recommendation ("R & R"), recommending that the Court reverse and remand the case for further administrative proceedings. Dkt. 18. On October 30, 2012, the Honorable John C. Coughenour adopted the R & R, and judgment was entered. Dkts. 19, 20.

In the R & R, the Court's primary reason for remanding the case was based on a procedural error committed by the ALJ. Specifically, the Court found that the ALJ erred by failing to include limitations relating to plaintiff's chronic obstructive pulmonary disease ("COPD") in the residual functional capacity ("RFC") assessment, although the ALJ had determined at Step 2 that the plaintiff's COPD was a "severe impairment." Dkt. 18 at 6 (citing AR at 17–21).

The Court directed that upon remand, the ALJ must consider two issues that she did not address in her original decision. First, the Court ordered the ALJ to reevaluate the plaintiff's credibility assessment in light of the COPD finding. *Id*. at 7–8. Specifically, the Court held that "[b]ecause this case is being remanded for further evaluation in light of the severe COPD impairment the ALJ should revisit the credibility determination and reassess whether plaintiff's claims are supported by the objective medical evidence and whether they are consistent with the objective medical evidence." *Id.* at 8–9.[2]

Second, the Court ordered the ALJ to address a lay witness statement on remand regarding the plaintiff's ability to perform sedentary work. *Id.* at 9–10. Specifically, either Ms. Mann or Ms. Elliot, who were both "other sources" working with the plaintiff's treating doctor (Dr. Grymaloski), stated that plaintiff should avoid "prolonged standing" and that she is able "to perform sedentary work that does not involve excessive standing or heavy lifting." AR at 346. It is undisputed that the ALJ never considered this lay witness statement in the written decision. Dkt. 18 at 9–10; AR 17–22. While the Court stated that the ALJ cannot disregard lay witness statements without comment, the Court never decided whether the ALJ's failure to do so in this case, without more, constituted a reversible error. *Id.*

On January 28, 2012, the plaintiff submitted the instant Motion for EAJA Fees and a Declaration by plaintiff's counsel, Mr. Namba. Dkts. 21, 22 (Namba Decl.).[3] On February

---

[2] In the parties' briefing, both refer to the ALJ's assessment of plaintiff's credibility as part of their discussion of the COPD impairment issue. Dkt. 23 at 4–5; Dkt. 24. Because the issue of plaintiff's credibility appears directly related to the ALJ's failure to consider the plaintiff's COPD impairment at Step 4, the Court need not address this issue separately for the purpose of the EAJA award.

[3] In support of this motion, the plaintiff filed a declaration by Mr. Namba. Dkt. 22 (Namba Decl.). As part of that declaration, Mr. Namba submitted an itemization of attorney's fees, time records, expenses, and costs associated with the plaintiff's case. *Id*. at 2–6. Mr. Namba calculates the total attorney's fees as $5,252.83 and the total costs and expenses as $38.20.

REPORT AND RECOMMENDATION
PAGE - 3

11, 2013, the Commissioner objected to the plaintiff's motion.  Dkt. 23.  Plaintiff replied on February 15, 2013.  Dkt. 24.

## III.   DISCUSSION

A. Standards of Review

*1. Legal Standard under the EAJA*

The Equal Access to Justice Act ("EAJA") provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, to be eligible for attorney's fees under EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; (3) no "special circumstances" exist that make an award of attorney's fees unjust; and (4) the fee request must be "reasonable."  28 U.S.C. § 2412(d)(1)(A).  *See, e.g.*, *Commissioner, INS v. Jean,* 496 U.S. 154, 158 (1990); *Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

Here, the Commissioner does not contest that plaintiff was the prevailing party in this action, nor claim that the total amount of fees requested is unreasonable, or that special circumstances exist, such that an award of attorney's fees would be unjust.  *See* Dkt. 23.  Rather, the Commissioner argues that her position in defending the ALJ's decision was substantially justified.

REPORT AND RECOMMENDATION
PAGE - 4

### 2. *"Substantially Justified"*

Under EAJA, with certain exceptions not applicable here, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes that the position of the government was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is deemed substantially justified if it meets the traditional standard of reasonableness, meaning it is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2002) (quoted sources and internal quotation marks omitted). While the government's position need not be correct, it must have "'reasonable basis in law and fact.'" *Id.* (citing *Pierce v. Underwood,* 487 U.S. 552, 566 n. 2 (1988)). "'The government bears the burden of demonstrating substantial justification.'" *Thangaraja v. Gonzales,* 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech Coalition,* 408 F.3d 613, 618 (9th Cir. 2005)).

The requirement of substantial justification extends to the government's defense of procedural errors committed by the ALJ. *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). Procedural errors specifically include, *inter alia*, (1) incorrectly assessing a claimant's RFC; and (2) improperly rejecting testimony from lay witness. *Id.* at 1069–70; *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993). When the ALJ is reversed on procedural grounds, the Court's decision to award EAJA fees rests on "whether the government's decision to defend on appeal [the ALJ's] procedural errors . . . was substantially justified." *Shafer*, 518 F.3d at 1071.

B. <u>The ALJ's Failure to Consider Plaintiff's COPD Impairment in the RFC Assessment</u>

This Court finds that the Commissioner was not substantially justified in defending the ALJ's actions because the ALJ did not have a reasonable basis in law and fact when she failed to consider plaintiff's COPD limitation at Step 4. *See Celaya v. Halter*, 332 F.3d 1177, 1181–82 (9th Cir. 2003). The assessment of a claimant's RFC at Step 4 is an administrative assessment of the extent to which an individual's impairment(s) may cause physical or mental limitations or restrictions that may affect the claimant's ability to meet the physical, mental and sensory demands of work. *See* 20 C.F.R. § 416.945(a); Social Security Ruling ("SSR") 96–8p (1996).[4] At Step 4, the ALJ must identify a claimant's functional limitations or restrictions, assess her work-related abilities on a function-by-function basis, and analyze those limitations in the RFC assessment. *See id*.

Thus, the ALJ must consider the limiting effects of all of the plaintiff's impairments, including those that are not severe, in determining the RFC assessment. 20 C.F.R. § 416.945(e); SSR 96–8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments."). *See also Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1194 (9th Cir. 2004) ("At Step 4, the ALJ must consider the functional limitations imposed by the claimant's impairments and determine the claimant's residual functional capacity."). Specifically, 20 C.F.R. § 416.945(e) states:

> When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment . . . we

---

[4]Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. *Bunnell v. Sullivan,* 947 F.2d 341, 346 n. 3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen,* 882 F.2d 1453, 1457 (9th Cir. 1989).

REPORT AND RECOMMENDATION
PAGE - 6

> will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity.

*See also* § 404.1545(e).

As noted above, at Step 2 of the sequential evaluation process the ALJ found plaintiff's COPD to be a "severe" impairment within the meaning of the Act. AR at 14. However, the ALJ failed to include any limitations relating to plaintiff's COPD in the RFC assessment. AR at 17–21. The ALJ stated that plaintiff's "COPD symptoms were exacerbated by smoke, I note that she continues to smoke 'herbal' cigarettes"; however, the ALJ does not go on to consider the limiting effects of plaintiff's COPD impairment and the restrictions it might impose, as required. AR at 20. The Court found this to be reversible error, and remanded the case for the ALJ to "reevaluate plaintiff's severe impairments and reassess her RFC in light of the severe impairments found." Dkt. 18 at 6–7.

The Commissioner argues that her defense of the ALJ's decision was substantially justified with respect to the ALJ's failure to consider plaintiff's COPD impairment at Step 4, because the "ALJ's evaluation of Plaintiff's COPD, . . . had a reasonable basis in law and fact." Dkt. 23 at 2. Specifically, the Commissioner contends that the ALJ's finding that plaintiff had a severe COPD impairment at Step 2 was a "scrivener's error" and, in any event, unsupported by the evidence. *Id.* at 3. That rationale, the Commissioner argues, constitutes substantial justification for the ALJ's failure to include any additional limitations in the RFC at Step 4 to account for COPD. *Id.* at 3.

Plaintiff responds that the Commissioner was not substantially justified in defending the ALJ's failure to consider the effects of plaintiff's COPD because doing so was "contrary to the Commissioner's regulations and well established precedent." Dkt. 24 at 2. Plaintiff contends that assuming the ALJ's COPD finding was a "scrivener's error" requires

REPORT AND RECOMMENDATION
PAGE - 7

1  "impermissible speculation" and does not amount to substantial justification. *Id.* at 3.

2  Additionally, plaintiff challenges the Commissioner's assertion that there is a lack of

3  evidence supporting plaintiff's COPD impairment, because such an argument amounts to an

4  improper objection to the Court's prior holdings in this case. *Id.* at 3–4.  If the ALJ did not

5  believe plaintiff had sufficient evidence supporting her COPD impairment, she should have

6  stated her reasoning and the foundation in her decision. *Id.* at 5.

7  The Commissioner's arguments remain unconvincing.  First, the assertion that the

8  ALJ's COPD determination at Step 2 was a mere "scrivener's error" fails because such an

9  assumption would be speculation, as the Court noted in its R & R. *See* Dkts. 23 at 3–4, 18 at

10  6.  As this Court previously noted, it could be just as likely that the ALJ overlooked the fact

11  that she found COPD to be a severe impairment at Step 4, rather than a clerical error at Step

12  2.  Dkt. 18 at 6.

13  Second, the Commissioner's argument that the plaintiff provided insufficient

14  evidence of her COPD impairment will not be re-litigated here. *See* Dkt. 23 at 4–7.  Here,

15  the procedural error at issue is the ALJ's failure to consider plaintiff's COPD impairment at

16  Step 4, not the substantive issue of whether the plaintiff provided sufficient factual basis for

17  the ALJ's original nondisability determination.  As discussed above, the law is clear that the

18  ALJ must consider the effects of all claimants' impairments in the RFC assessment, and the

19  failure to do so is an overt procedural error.  Further, the defense of "basic and fundamental

20  errors[,]" such as the serious procedural error of failing to make findings and weigh evidence,

21  cannot be substantially justified. *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998).

22  Because the Commissioner defended a fundamental procedural error by the ALJ, this Court

23

finds that the Commissioner's defense of the ALJ's error was not substantially justified.  *See Corbin*, 149 F.3d at 1053.

### C.  Lay Witness Opinions

As noted above, it is undisputed that the ALJ never addressed a lay witness statement signed by Ms. Mann and Ms. Elliot, two members of the plaintiff's treating doctor's medical staff, that the plaintiff should avoid "prolonged standing" but is able "to perform sedentary work that does not involve excessive standing or heavy lifting."  AR at 346; Dkt. 18 at 9.  The Court, however, never ruled whether the ALJ's failure to address this statement constituted a reversible error.  Dkt. 18 at 9–10.

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work.  *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e).  Indeed, "lay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be disregarded without comment."  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).  Consequently, "[i]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness."  *Dodrill*, 12 F.3d at 919.  However, the failure to address lay testimony may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'"  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court must look to the record as a whole "to determine whether the error alters the outcome of the case."  *Id*.

The Commissioner argues that she was substantially justified in defending the ALJ's failure to consider the lay witness statement in this case because it was based on impairments

that were "well-controlled on medication," and unrelated to the disability determination. Dkt. 23 at 8.  The Commissioner asserts that "[i]mpairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Id.*  Plaintiff responds that because the ALJ did not provide specific reasons for discrediting the lay witness statements, her "underlying action is not reasonable, and is contrary to well established case law."  Dkt. 24 at 6.

As mentioned above, it is undisputed that the ALJ's failure to acknowledge the lay witness statement constituted legal error.  However, the Commissioner asks the undersigned to decide, for the first time, whether this error should be considered harmless.  For the reasons discussed below, the Court declines the invitation.

Judges in this district have previously held that substantial justification requires an express finding by the Court that either the ALJ did not err with respect to an issue, or that the error was harmless.  *See Frederick v. Astrue*, 2012 WL 6114843 at *2–3 (W.D. Wash. Dec. 10, 2012).  For example, in *Frederick*, the Court explained that "[i]n a situation such as this where the Court rejects some of the arguments of the prevailing party, and finds the government's position as to the rejected arguments was substantially justified, the Court may adjust the fee award to ensure the award is reasonable." *Id*. at *2.  In that case, for those issues as to which the ALJ did not err, the court found that "the government was thus substantially justified in its position as to these claims." *Id*. at *1.  However, because "the Court found the ALJ erred . . . and that the failure was not harmless" regarding the two remaining issues, the government was "not substantially justified as to [those] claims." *Id.*  Accordingly, the court reduced the EAJA fee award commensurate to the number of issues the Commissioner was substantially justified in defending. *Id*. at *3 ("The Court finds this

REPORT AND RECOMMENDATION
PAGE - 10

40% adjustment is appropriate in light of the Court's rejection of at least 50% of Ms. Frederick's claims and the limited scope of remand.").

Here, plaintiff identified three assignments of error, and she prevailed on each.[5] First, the Commissioner was not substantially justified in defending the ALJ's failure to consider the impact of plaintiff's COPD impairment. Second, the Court found that the ALJ committed legal error by failing to consider the lay witness statement. This was not harmless error. As a result, the Commissioner was not substantially justified in defending the ALJ's mistake. As the Commissioner does not challenge the hours or the rate requested, the undersigned recommends that the plaintiff's motion for fees as requested be GRANTED.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned recommends that the plaintiff's Motion for EAJA fees, Dkt. 21, be GRANTED. Specifically, attorney's fees in the amount of $5,252.83, expenses in the amount of $25.00, and costs in the amount of $13.20 shall be awarded to plaintiff pursuant to *Astrue v. Ratliff*, -- U.S. --, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010). If it is determined that plaintiff's EAJA fees are not subject to any offset allowed under the U.S. Department of Treasury's offset program, then the check for the EAJA fees, expenses, and

//

//

//

//

---

[5] As noted in footnote 2, both parties refer to the ALJ's assessment of plaintiff's credibility as part of their discussion of the COPD impairment issue. Dkt. 23 at 4–5; Dkt. 24. While the Court did not address this issue separately, the plaintiff "prevailed" to the extent that the Court did not find harmless error.

REPORT AND RECOMMENDATION
PAGE - 11

costs shall be made payable and mailed to the Law Office of Steven M. Robey, 1414 F Street, Bellingham, WA 98225.

DATED this 25th day of April, 2013.

JAMES P. DONOHUE
United States Magistrate Judge